**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

Tristan Taveras, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                   *Plaintiff*,

     - against -

Value Service & Repair Corp., Value Service Corp., Yuval, Inc., Steven Bach, and Susan Bach,

                                   *Defendants*.

------------------------------------------------------------X

Case No.: 22-cv-03416-HG

**[PROPOSED]**
**DEFAULT JUDGMENT**

THIS MATTER is before the Court on Plaintiff Tristan Taveras's ("Plaintiff") motion for default judgment against Defendants Value Service & Repair Corp., Value Service Corp., Yuval, Inc. (together, the "Corporate Defendants"), and Steven Bach, and Susan Bach (together the "Individual Defendants", and together with the Corporate Defendants, the "Defendants"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(b) (the "Motion for Default"). Having considered Plaintiff's Motion for Default, and the record, the Court enters the following findings of fact and conclusions of law:

FINDINGS OF FACT AND CONCLUSIONS OF LAW

    1.    This action was commenced by the filing of a Complaint on June 9, 2022 [Dckt. No. 1].

    2.    As alleged in the Complaint, Plaintiff was employed as a plumber, electrician, and HVAC technician at Defendant's repair service company, known as "Value Service & Repair Corp." ("Value Service"), located at 86 Broadway, Freeport, NY 11520, from January 2018 to through and including May 2022. [Dckt. No. 1 at ¶¶ 2]. Plaintiff regularly worked at Value Service in excess of forty (40) hours per week. [*Id.* at ¶ 9].

3. Plaintiff also worked as a general worker at Defendant's used car business known as "Yuval, Inc.," ("Yuval"), located at 86 Broadway, Freeport, NY 11520 from or around February 2021 to through and including May 2022. [*Id*. at 2].

4. From approximately January 2018 through and including March 2020, Plaintiff worked at Value Service five (5) to seven (7) days per week as follows: 8:00 a.m. to 10:00 p.m. (*i.e.,* 14 hours per day), for a total period of approximately 70 to 98 hours during each of the weeks, respectively. [*Id.* at 9].

5. From approximately February 2021 through and including May 2022, Plaintiff worked at Yuval two (2) to three (3) days per week as follows: 9:00 a.m. to 5:00 p.m. (*ie.,* 8 hours per day), for a total of approximately 16 to 24 hours during each of the weeks, respectively. [*Id.* at ¶ 9].

6. From approximately January 2018 to through and including March 2020, Defendants paid Plaintiff a flat salary of $700 per week.

7. The Complaint alleges that Plaintiff was not paid minimum wage, overtime and spread-of-hours as required by the FLSA and/or NYLL. [*Id.* at ¶ 9]. The Complaint also alleges that Defendants failed to make or preserve accurate records of Plaintiff's employment, and provide Plaintiff with a written notice of rate of pay, all as required by NYLL and the WTPA. [*Id.* at ¶¶ 10].

8. On June 9, 2022, Plaintiff filed the Request for Issuance of Summons as to Defendants. [Dckt. No. 4]. Electronic summonses were subsequently issued on June 9, 2022. [Dckt. No. 7]. On June 14, 2022 Defendant Value Service was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 9.]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before July 5, 2022. Proof of service was filed with the Court on

June 16, 2022. [Dckt. No. 9]. To date, Value Service has not answered or otherwise responded to Plaintiff's Complaint and that time for it to do so has expired. On August 10, 2022 Defendants were served a Summons and Complaint, with Civil Cover Sheet. [Dckt. Nos. 12-15]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before August 31, 2022. Proof or service was filed on August 16, 2022. [Dckt. Nos. 12-15]. To date, Defendants have not answered or otherwise responded to Plaintiff's Complaint and that time for it to do so has expired.

9. Pursuant to Fed.R.Civ.P. 55(b)(2), the Court finds it is appropriate to enter a judgment of default upon Defendants.

10. By virtue of the default judgment, Defendants admit the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. *Fireman's Fund Ins. Companies v. F.J. Sciame Co.*, 1993 WL 13652724, at *2 (S.D.N.Y. May 26, 1993), *report and recommendation adopted*, 1993 WL 299283 (S.D.N.Y. Aug. 4, 1993).

11. Thus, the Court finds Defendants committed the violations alleged in the Complaint.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Default against Defendants Pursuant to Fed.R.Civ.P. 55(b) is GRANTED as follows:

1. Pursuant to Federal Rules of Civil Procedure 54, 55 and 58, Default Judgment be and the same is hereby ENTERED in favor of Plaintiff Tristan Taveras and against Defendants upon the Complaint [Dckt. No. 1] filed herein as follows:

**IT IS ORDERED AND ADJUDGED** that Defendants are liable for the sum of $118,962.86 as and for unpaid minimum wage and overtime compensation; the sum of $10,517.14 as and for unpaid spread-of-hours, the sum of $129,480.00 as and for liquidated damages the sum of $4,468.75 as and for attorneys' fees; the sum of $848.05 as and for costs; and the sum of $_____ as and for pre-judgment interest, for a total judgment amount of $_____ and;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants are liable for the sum of $5,000 as and for Defendants' violation of NYLL § 195 (1); and

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants are liable for the sum of $5,000 as and for Defendants' violation of NYLL § 195(3).; and

**IT IS ORDERED AND ADJUDGED** that the total amounts above shall bear interest at the prevailing statutory interest rate, for which sums let execution issue forthwith.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

Dated:   Brooklyn, NY

   This _____ day of _____, 2022.

```
                              _____
                              HON. HECTOR GONZALEZ
                              UNITED STATES DISTRICT JUDGE
```