## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS FOR EMPLOYMENT DISPUTE AND STIPULATION OF DISMISSAL

This Confidential Settlement Agreement and General Release (Agreement) is made as of this 2nd day of August, 2023 by and between Tristan Taveras (Employee), and Value Service & Repair Corp., Value Service Corp., Yuval, Inc., Steven Bach, and Susan Bach (Employer) (each a Party and collectively the Parties).

**RECITALS**

**WHEREAS**, on or about June 9, 2022, Employee commenced a civil action against Employer captioned [Tristan Taveras, on behalf of himself and others similarly situated in the proposed FLSA Collective Action v. Value Service & Repair Corp., Value Service Corp., Yuval, Inc., Steven Bach, and Susan Bach in the United States District Court for the Eastern District of New York, No. 1:22-cv-3416 HG (the Action);

**WHEREAS**, the Parties to the Action have agreed to amicably resolve and settle the claims in the Action; and

**WHEREAS**, the Parties wish to memorialize the terms of their Agreement and to do so in this document; and

**WHEREAS**, the Parties acknowledge that they are entering into this Agreement voluntarily and after consultation with counsel of their choosing;

**NOW, THEREFORE**, for good and valuable consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **No Admission of Wrongdoing by Employer; No Prevailing Party.** The Parties acknowledge and agree that the Agreement does not amount to an admission of liability by Employer for any claim asserted in or related to the Action and shall in no way be construed as such an admission of liability by Employer. Further, the Parties agree and acknowledge that neither party shall be deemed to be prevailing party on any of the claims asserted in or related to the Action.

2. **Terms of Settlement.** In consideration for Employee's release of claims and execution of this Agreement, and in exchange for the promises, waivers, and releases set forth in this Agreement, Employer agrees to deliver to payment to Employee in the amount of $10.00. The Parties agree that the payment constitutes full compensation for all of Employee's claims, including, but not limited to, claims for salary, including back and front pay, benefits, and costs and attorney's fees of all counsel retained by Employee.

3. **Settlement Payment.** The payment set forth in Paragraph 2 above shall be delivered to Employee by Employer.

4. **Sufficient Consideration; Release of Claims.** The Parties acknowledge that the consideration provided to Employee under this Agreement is sufficient [for the purposes of the Older Workers Benefit Protection Act (OWBPA)]. In consideration for the payments

1

herein provided, Employee, to the maximum extent permitted by law, hereby irrevocably and unconditionally releases and discharges Employer and its past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, and employees, and any related or affiliated corporations or entities, and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys and employees, and any person or entity acting through or in concert with any of the preceding persons or entities (all of the preceding persons and entities, severally and in the aggregate, will be referred to as Releasees) from any and all actions, claims, demands, debts, reckonings, contracts, agreements, covenants, damages, judgments, executions, liabilities, appeals, obligations, attorney's fees, and causes of action from the beginning of time to the date of this Agreement, known or unknown, asserted or unasserted, including but not limited to: any and all claims arising out of or related to Employee's employment with Employer and the termination thereof; any and all claims arising under the Age Discrimination in Employment Act of 1967 (ADEA), as amended by the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C §§ 621 et seq., Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1991, 105 Stat. 1071, the Equal Pay Act of 1963, 29 U.S.C. §§ 201 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., the Civil Rights Act of 1866, 14 Stat. 27-30, the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1000 et seq., the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq., the Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. §§ 2101, et seq., the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151 et seq., the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq., the New York City Human Rights Law (NYCHRL), NYC Administrative Code 8-101 et seq., the New York Labor Law (NYLL), or the discrimination or retaliation provisions of the New York State Workers' Compensation Law (all as amended); any and all claims for discrimination, harassment, retaliation, defamation, negligence or intentional torts, breach of contract, violation of public policy, breach of the implied covenant of good faith and fair dealing, wrongful termination, constructive discharge, violation of privacy, fraud, negligent misrepresentation, intentional or negligent infliction of emotional distress, personal injury, wages, overtime, or employee benefits (except as excluded below), promissory estoppel, punitive damages, or attorney's fees and costs; and any and all other claims arising under any federal, state, or local civil rights, human rights, anti-discrimination, labor, employment, contract, or tort law, rule, regulation, order or decision, or the statutory, administrative, or common law of the United States.

Excluded from this release are:

- Claims that cannot be waived by law
- Claims for enforcement of this Agreement
- Claims that arise after Employee signs this Agreement
- Claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq.
- Claims for uncontested vested benefits under ERISA
- Claims under the False Claims Act (Qui Tam), 31 U.S.C. §§ 3729 et seq.

- Claims for health insurance benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 100 Stat. 82
- Claims for workers' compensation benefits
- Claims for unemployment compensation benefits
- Claims for disability benefits
- Claims for underpayment of workers on public projects
- Claims for discrimination based on military service

As set forth in Paragraph 5, this Agreement does not preclude Employee from filing a charge, testifying, assisting, or cooperating with the Equal Employment Opportunity Commission (EEOC) or any other federal, state, or local administrative agency.

5. **Protected Rights.**

    (a) **Charges and Complaints.** Employee understands that nothing contained in this Agreement limits Employee's ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state or local governmental agency or commission (Government Agencies). Employee further understands that this Agreement does not limit Employee's ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to the Company. This Agreement does not limit Employee's right to receive an award for information provided to any Government Agencies.

6. **Stipulation of Dismissal.** Employee agrees to voluntarily dismiss the Action with prejudice. It has been mutually stipulated and agreed with knowing and voluntary consent between the parties that the Action is dismissed.

7. **Full Settlement of Claims.** This Agreement represents the complete and full settlement of any and all claims to date that Employee has, had, or may have had against Releasees. To the full extent permitted by law, except as permitted by Paragraph 5, Employee shall not seek or accept any remedy, at law or in equity or otherwise, or before any arbitral forum or governmental or administrative agency, arising out of or related to Employee's employment with Employer or the terms or termination thereof.

8. **No Other Pending Claims.** Employee represents that Employee: (1) has not filed any other claims or regulatory or administrative actions against Releasees, or complained to any government entity about Releasees; (2) is not aware of any circumstances that may give rise to future claims; (3) knows of no statutory or regulatory violations by the employer; and (4) is not owed any further compensation, except from pensions or other benefit programs. Employee further represents that, to the extent Employee made any complaints to Employer, it promptly investigated, took appropriate action, and did not retaliate against Employee.

9. **Cooperation.** Employee agrees to cooperate with Employer in any litigation relating to Employee's employment for which Employer reasonably requests Employee's participation. Such cooperation may include, without limitation: (1) responding reasonably promptly to requests for information and documents in Employee's possession, (2) being reasonably available as a witness and testifying truthfully at trial, depositions, hearings, or other proceedings, as well as being reasonably available for adequate preparation for such testimony, and (3) participating at reasonable times in interviews and meetings with Employer's representatives, representatives of governments or regulatory authorities, or others designated by Employer. Unless prohibited by applicable law or any rule of any applicable regulatory authority, Employee further agrees to notify Employer promptly of any request made to Employee by any party to any such litigations for information or assistance with respect to these litigations, and the substance of Employee's response to such request. Employee shall also provide Employer with a copy of such request and response, if in writing. The Parties will each use good-faith best efforts to reconcile and accommodate any scheduling conflicts. Unless requested by Employer, Employee will not willingly or voluntarily participate in any lawsuit or action against Employer.

10. **Confidentiality.** Except as provided in Paragraph 5, Employee agrees that this Agreement, as well as the nature and terms of this settlement and the subject matter thereof, will be forever treated as confidential and that Employee shall make no disclosure or reference to the terms of this Agreement to any person or entity, except to Employee's attorneys, members of Employee's immediate family and, as necessary, tax preparers, provided that each such person agrees to be bound by the confidential nature of this Agreement. Employee and Employee's counsel may also make such disclosures pursuant to court or administrative order, subpoena, or as otherwise may be required by law. Employee acknowledges and agrees that Employee's promise to maintain the confidentiality of the Agreement is an important element of the consideration for and inducement of Employer to enter into this Agreement. Employee further agrees that Employee's breach of this Agreement's confidentiality clause constitutes irreparable harm to the Employer. In the event of an actual or threatened confidentiality breach, Employee consents to a temporary restraining order, preliminary injunction, and/or permanent injunction prohibiting commission or continuation of any actual or threatened breach. Nothing in this Agreement shall preclude the Employee from stating, in response to any inquiry, that this dispute has been resolved by mutual agreement and to the mutual satisfaction of the Parties, but it is expressly agreed that Employee shall make no further comment.

11. **Restrictive Covenants and Return of Company Property.** Employee agrees to comply with the following restrictive covenants:

    (a) **Non-Disparagement.** Employee shall not make any statements or take any actions that disparage, hold out to public embarrassment, or ridicule Employer, its services, products, management, employees, image, tradecraft, practices, office environment, culture, or otherwise harm its reputation. This paragraph shall not prevent Employee from making truthful statements in response to a subpoena or under oath in the course of an investigation conducted by the EEOC or another government administrative agency.

12. **Opportunity to Consult Legal Counsel.** The Parties confirm that they have reviewed and considered this Agreement and consulted with their attorneys regarding the terms and effect thereof. Employee acknowledges that Employee: (i) has read this Agreement in its entirety; (ii) has had sufficient time to review and consider this Agreement; (iii) understands all of the terms and conditions contained in this Agreement; (iv) has consulted with Employee's legal counsel before signing this Agreement; (v) has authorized said counsel to negotiate this Agreement on Employee's behalf and that Employee's counsel has participated in the negotiation of this Agreement to the full extent Employee wished counsel to do so; and (vi) freely, voluntarily and knowingly, without duress or coercion, consents to all the terms and conditions in this Agreement.

13. **Entire Agreement.** This Agreement constitutes the entire agreement among the Parties, and supersedes any and all prior understandings and agreements between the Parties, except the following agreements which are still enforceable and binding on employee [separately list each specific agreement (preferably with dates of each agreement) that the employer wants to continue to enforce against the employee]. This Agreement may not be modified, except by written consent of all Parties hereto. This Agreement shall be binding and inure to the benefit of the Parties and their successors and assigns.

14. **Severability.** A court's ruling rendering any provision(s) of this Agreement is invalid or unenforceable shall not affect the validity of the remaining provisions of this Agreement.

15. **No Interpretation of Ambiguity Against the Drafter.** This Agreement has been negotiated and prepared by both Parties and their counsel. If any of the Agreement's provisions require a court's interpretation, no ambiguity found in this agreement shall be construed against the drafter.

16. **Choice of Law.** This Agreement shall be construed in accordance with the laws of the State of New York, without giving regard to its conflict of law rules. Any action to enforce this Agreement shall be brought only in Nassau County Supreme Court.

17. **Date Agreement Becomes Effective.** This Agreement shall become effective and enforceable at the time of the execution of the Agreement.

EMPLOYEE IS HEREBY ADVISED THAT EMPLOYEE IS HEREBY ADVISED IN WRITING TO CONSULT AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL ITS PROMISES, AND TO RECEIVE THE SUMS IN PARAGRAPH 2 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION (HAVING BEEN ADVISED TO CONSULT WITH AN ATTORNEY), ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

**18. Counterparts.** This Agreement may be executed in any number of counterparts and by different Parties on separate counterparts, each of which counterpart, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Agreement.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have caused this Agreement to be executed as of the date(s) set forth below.

Dated: 8/2/23

By: *[signature]*
Tristan Taveras

Dated: 8/2/23

By: *[signature]*
Steven Bach